IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40207
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIVE ANTHONY BROWN,
also known as David Anthony Little,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97-CR-134-1
- - - - - - - - - -
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Clive Anthony Brown appeals his sentence following a guilty plea for illegal reentry into the United States following deportation. He argues that the presentencing report (PSR) incorrectly calculated his criminal history score and that the district court erred when it relied on the PSR's recommended sentencing range. Specifically, he argues that the PSR should have treated two separate weapons offenses as related offenses when calculating his criminal history score because the two

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offenses were part of the same sentencing proceeding. The issue was not raised at sentencing; therefore, it is reviewed for plain error. *United States v. Dabeit*, 231 F.3d 979, 983 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1214 (2001); *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

There was not enough information in the record to support a finding that the two weapons offenses were related. *See United States v. Huskey*, 137 F.3d 283, 288 (5th Cir. 1988). The offenses occurred on April 7, 1986, and September 10, 1987. As reported in the PSR, they were factually unrelated to one another and were charged in separate indictments. Moreover, there is no indication that they were consolidated under the same docket number. Accordingly, Brown's sentence is AFFIRMED.